**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gurrie Fandozzi

    v.                                                                               Civil No. 10-cv-368-SM

Richard Gerry, Warden, New Hampshire
State Prison for Men

**O R D E R**

Before the Court is Gurrie Fandozzi's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Fandozzi challenges his conviction on the grounds that he was denied due process and a fair trial by an impartial jury, in violation of the Sixth and Fourteenth Amendments to the United States Constitution. The matter is before me for an initial review to determine whether the petition is facially sufficient to proceed. See Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") Rule 4.

Background

Gurrie Fandozzi was indicted on 26 counts of first degree assault. Each indictment alleged that Fandozzi fractured a different bone in his infant son's body. In November 2007, Fandozzi was convicted of seven counts of first degree assault and acquitted of the remaining 19 counts.

After the verdict in Fandozzi's case, the prosecutor publicly expressed confusion over the verdict. In response to her public comments, one of the jurors in the case emailed the prosecutor and expressed a willingness to explain the jury's reasoning to her. In January 2008, an investigator from the prosecutor's office contacted that juror and interviewed him regarding the jury's process of reaching the verdict. The juror told the investigator that the jury had been split during deliberations, and ultimately believed that one of the baby's parents had broken the baby's bones, but that the evidence did not rule out that Fandozzi's wife had committed the assaults. The juror told the investigator that the jurors believed that even if one of the parents had not assaulted the baby, that parent was still involved in covering up the assault for the other parent. The juror stated that by convicting Fandozzi of some counts and acquitting on others, the jury left some offenses available for the prosecutor to charge the baby's mother, if the State chose to do so, and that "at least they got one of them."

On February 1, 2008, the prosecutor filed a motion asking the trial court to review the comments of the juror in camera. The trial court reviewed the interview report and directed that the report be disclosed to defense counsel. Based on the information in the report, on February 6, 2008, Fandozzi filed a

2

motion to set aside the verdict.  On May 8, 2008, the trial court held a hearing and conducted a colloquy of the jurors present, after allowing both parties to submit questions for voir dire.  The court asked several questions regarding whether or not the jurors had unanimously agreed that Fandozzi alone committed the offenses of which he was convicted.

In September 2008 the trial court denied Fandozzi's motion to set aside the verdict.  Fandozzi brought an appeal of that decision which was decided with his direct appeal.  The trial court affirmed the conviction on March 10, 2010.  See State v. Fandozzi, 149 N.H. 773, 788, 992 A.2d 685, 697 (2010).  This petition followed, raising the following claims for relief[1]:

1. Fandozzi's Sixth and Fourteenth Amendment right to a fair trial by an impartial jury was violated when the jury improperly relied on "outside interference," rather than just the evidence presented, in rendering its verdicts.

2. Fandozzi's Sixth and Fourteenth Amendment rights to due process and a fair trial by an impartial jury were violated when Fandozzi was denied attorney-conducted, post-verdict voir dire of the jurors, and the trial court's voir dire was inadequate to protect Fandozzi's rights.

---

[1]The claims, as identified herein, will be considered to be the claims raised in the petition for all purposes.  If Fandozzi objects to the claims as identified, he must do so by properly moving to amend his petition.

Discussion

To be eligible for habeas relief, Fandozzi must show, for each claim, that he is in custody and that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). Fandozzi is incarcerated pursuant to a sentence imposed for the convictions challenged here, and thus meets the custody requirement for filing a habeas petition.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted); Clements v. Maloney, 485 F.3d 158, 161 (1st Cir. 2007). "In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Clements, 485 F.3d at 162; Picard v. Connor, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement petitioner must

4

have fairly presented the substance of his federal claim to the state courts). A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme Court has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

The purpose of a "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-77). A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009). In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or that he articulated a state claim that is indistinguishable from one arising under federal law. See Nadworny v. Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989). The petitioner has the burden of

5

demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim.  See id. at 1100.

Here, Fandozzi has asserted federal claims in his petition, but has not filed any documents to demonstrate that the federal nature of his claims were expressly raised in or otherwise "fairly presented" to the state courts, including the New Hampshire Supreme Court.  Because I cannot determine, based on the record before me, whether or not the federal nature of the claims has been presented to and exhausted in the state courts, I direct Fandozzi to amend his petition to demonstrate exhaustion.

## Conclusion

Fandozzi is directed that, within thirty days of the date of this Order, he must amend his petition to demonstrate that the claims therein, including the federal nature of each claim, have been exhausted.  Fandozzi is directed to file in this matter: copies of any notice of appeal or brief filed in the New Hampshire Supreme Court or any other document demonstrating that the federal nature of his claims has been fairly presented to the New Hampshire Supreme Court.  If Fandozzi fails to amend

his petition as directed, the matter may be dismissed without prejudice for failure to demonstrate exhaustion.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Dated: October 21, 2010

cc: Mark L. Sisti, Esq.