**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Gurrie Fandozzi</u>

    v.                              Civil No. 10-cv-368-SM

<u>Richard Gerry, Warden, New Hampshire</u>
<u>State Prison for Men</u>

**<u>O R D E R</u>**

Before the Court is Gurrie Fandozzi's petition (doc. no. 1) for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Also before the Court is Fandozzi's amendment (doc. no. 3) to that petition, filed in response to this Court's Order (doc. no. 2), directing him to demonstrate that his claims were fully exhausted in the state courts. For the following reasons, the Court finds that Fandozzi has demonstrated exhaustion of the claims in his petition.

The matter initially came before me for a preliminary review to determine whether the petition is facially sufficient to proceed. <u>See</u> Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") Rule 4. On October 21, 2010, this Court issued an Order (doc. no. 2) finding that Fandozzi had met § 2254(a)'s custody requirement, and directing Fandozzi to amend his petition to demonstrate

exhaustion of his federal claims in state court as required by § 2254(b).  The federal claims in the Petition, as identified in the October 21 Order, are as follows[1]:

> 1. Fandozzi's Sixth and Fourteenth Amendment right to a fair trial by an impartial jury was violated when the jury improperly relied on "outside interference," rather than just the evidence presented, in rendering its verdicts.
>
> 2. Fandozzi's Sixth and Fourteenth Amendment rights to due process and a fair trial by an impartial jury were violated when Fandozzi was denied attorney-conducted post-verdict voir dire of the jurors, and the trial court's voir dire was inadequate to protect Fandozzi's rights.

Fandozzi has now filed an amended habeas petition (doc. nos. 3), including documentation that his claims have been exhausted in the state courts.  Specifically, Fandozzi has submitted, among other documents, the brief he filed in the New Hampshire Supreme Court ("NHSC") challenging both the conviction and the denial of post-conviction relief in his state criminal case.  That brief expressly raises for the NHSC's consideration the Sixth Amendment argument presented in Claim 1 above.  Accordingly, that claim is exhausted.

---

[1]Fandozzi was directed to move to amend his petition, if he objected to this identification of his claims.  See Order (doc. no. 2).  Fandozzi has since filed a motion to amend his petition (doc. no. 3) that does not specifically object to the Court's identification of his claims.  Accordingly, the Court will continue to consider the claims, as enumerated above, to be the claims presented in this matter for all purposes, absent a properly filed objection.

The appellate brief does not directly present a Sixth Amendment argument for Claim 2.  The brief does, however, rely on a state case, State v. Weitzman, 121 N.H. 83, 427 A.2d 3 (1981), in arguing the voir dire issue.  In Weitzman, the appellant relied on the Sixth Amendment right to an impartial jury to argue that he was denied a fair trial by an impartial jury when the judge in his case refused to allow him to specify voir dire questions or to conduct voir dire himself.  See id. at 87, 427 A.2d at 5.  I find that any reasonable jurist, reviewing Fandozzi's appellate brief, would understand that Fandozzi's reliance on Weitzman presented a federal constitutional challenge to the trial court's rulings regarding voir dire that are the subject of Claim 2 here.  See Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) ("In order to exhaust a claim, the petitioner must present the federal claim fairly and recognizably to the state courts, meaning that he must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." (internal quotations and citation omitted)); Picard v. Connor, 404 U.S. 270, 277-78 (1971) (to satisfy exhaustion requirement petitioner must have fairly presented substance of federal claim to state courts).

Accordingly, I find that Fandozzi has demonstrated exhaustion of Claim 2.

## Conclusion

Fandozzi has demonstrated that he is in custody and that he has exhausted both of the federal claims raised in his petition for a writ of habeas corpus.  Accordingly, the petition may be considered.  See 28 U.S.C. § 2254(a) & (b) (providing that writ "shall not be granted" unless petitioner is in state custody and has exhausted state remedies); § 2254 Rule 4.

Petitioner shall effect service of the following documents upon the respondent and upon the Attorney General of the State of New Hampshire: (a) the petition in this matter (doc. no. 1); the October 21, 2010, Order (doc. no. 2); (b) the amended petition and attachments thereto (doc. no. 3); and (c) this Order.  Respondent shall file an answer or other pleading in response to the allegations made therein.  See § 2254 Rule 4.  Respondent shall answer or otherwise plead within thirty days of the date of service.  The answer shall comply with § 2254 Rule 5 (setting forth contents of answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which hearing is appropriate).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: December 13, 2010

cc: Mark L. Sisti, Esq.

LBM:jba